A90A1014. EARP v. JORDAN.
(398 SE2d 205)

BEASLEY, Judge.

Discretionary appeal was permitted for the Commissioner of the Georgia Department of Public Safety to appeal an order directing it to immediately grant Jordan a habitual violator's probationary license.

On July 26, 1985, the Department issued an official notice of revocation advising Jordan that he had been declared a habitual violator, OCGA § 40-5-58 (a), and revoking his license and privilege to operate a motor vehicle in Georgia for a minimum of five years from the date of surrender of his license. The notice stated that he had been declared a habitual violator because of violations of driving under the influence in 1983 and 1984 and of driving with a suspended/revoked license in 1984.

On December 21, 1987, Jordan appeared at the Department's headquarters and was personally served with notice of his status as a habitual violator. At that time, Jordan executed an affidavit stating that he was unable to surrender his driver's license because he had never received it from the examining board. In accordance with

OCGA § 40-5-61 (e), the Department established that date as the one from which the period of revocation prior to return of a driver's license would begin to run. On this same date, Jordan requested that he be issued a probationary driver's license. The request was denied for ineligibility.

Jordan petitioned the superior court for review. Following a hearing on February 23, 1989, the court on April 25 directed the Department to immediately grant Jordan a probationary license, after concluding that the Department had failed to present sufficient evidence that Jordan had actually possessed a driver's license to surrender after being declared a habitual violator.

The Department contends the court erred in disregarding the mandatory provisions of OCGA §§ 40-5-61 (e) and 40-5-58 (e) (1); erred in requiring the Department to assume the burden of proof that Jordan was in actual possession of a driver's license subsequent to the issuance of an official notice of revocation to Jordan after his declaration as a habitual violator; and erred in requiring the Department to issue a habitual violator probationary driver's license to Jordan, even though the issuance of such licenses is a matter requiring the exercise of the Department's discretion and Jordan never demonstrated compliance with prerequisites.

1. OCGA § 40-5-58 (e) (1) provides that upon compliance with specified conditions "any person who has been declared a habitual violator and who has had his driver's license revoked under subsection (b) of this Code section for a period of two years and *two years have expired since the date on which such person's license was surrendered or an affidavit was accepted as provided in subsection (e) of Code Section 40-5-61,* such person may be issued a probationary driver's license for a period of time not to exceed three years. . . ." (Emphasis supplied.)

OCGA § 40-5-61 (e) provides that "[f]or the purpose of making any determination under this Code section relating to the return of revoked or suspended licenses to drivers, no period of revocation or suspension shall begin until the license is surrendered to the department or a court of competent jurisdiction . . ., whichever date shall first occur. If the license is lost, *or for any other reason surrender to the department is impossible, the period of revocation or suspension shall begin on the date an affidavit setting forth the reasons for such impossibility is received by the department.*" (Emphasis supplied.)

The statutory language precludes the superior court's apparent analysis. Aside from any question of the Department's evidentiary burden, whether or not Jordan had actually possessed a license to surrender is not determinative of the statutory time computation of eligibility for a probationary driver's license. That is the first hurdle to overcome in obtaining one. Assuming that Jordan never received

his license from the examining board as he averred in his affidavit, OCGA § 40-5-61 (e) specifically recognizes such instances of impossibility of license surrender. There was no evidence that Jordan made any attempt to earlier notify the Department of an inability to surrender his license. The Department properly used the date of Jordan's affidavit as the starting point for computing his eligibility for the probationary license. Therefore, at the time of Jordan's request the Department was obliged to turn it down due to prematurity.

2. Although the court hearing and order occurred more than two years after the date on which Jordan's license was deemed surrendered, the court exceeded its authority in mandating the Department to then immediately grant the probationary license. OCGA § 40-5-58 subsections (e) (1) (A) through (e) (1) (E) outline the conditions that an applicant for a probationary license must meet.

Upon compliance with the conditions and payment of the specified fee, a probationary license *may* be issued. See OCGA § 40-5-58 (e) (1), (e) (3). Issuance is not automatic but is at the discretion of the Department. In addition, the Department has discretion to place certain restrictions on the probationary license. OCGA § 40-5-58 (e) (4).

The Court's order short-circuited the Department's statutory-given discretion. Its directive to the Department cannot stand.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED OCTOBER 15, 1990 —

*Michael J. Bowers, Attorney General, H. Perry Michael, Executive Assistant Attorney General, William B. Hill, Jr., Deputy Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Neal B. Childers, C. Latain Kell, Assistant Attorneys General,* for appellant.

*Towery, Thompson, Gulliver, & Bunch, Harold S. Gulliver,* for appellee.